# Isaac L. Craft, Plff. in Err., *v.* Borough of South Chester.

Proceedings under the act of May 24, 1878 (P. L. 129), to recover damages for injuries sustained by a change of grade, if begun after six years from the time when the injury was done, are barred by the statute of limitations.

(Argued February 6, 1888. Decided March 19, 1888.)

July Term, 1886, No. 144, E. D., before GORDON, Ch. J.,

PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas of Delaware County to review a judgment of nonsuit in an action for land damages. Affirmed.

January 5, 1885, the petition of Isaac L. Craft was presented to the common pleas, asking for the appointment of a jury to view and assess damages caused by the change of grade at Lamoken street, in the borough of South Chester.

The plaintiff's house was erected in 1866, on what was then a public road with a natural grade. The borough of South Chester was incorporated in 1870 and adopted the road under the name of Lamoken street. In 1873 the borough adopted a plan with fixed grades including Lamoken street. The grade fixed in 1873 rendered it necessary to raise the plaintiff's house several feet to bring the first floor even with the roadbed and sidewalk of the street. No work was done in filling up the street to grade until 1876, when the borough filled the hollow opposite the plaintiff's house up to, and a few inches above, the sill of his front door.

A jury of view refused to award damages to the plaintiff; and he thereupon appealed to the common pleas.

At the trial the court entered a compulsory nonsuit, on the ground that the case should be decided upon the law as it was prior to the Constitution of 1874, when no compensation was allowed for changing of grade; and also because the claim was barred by the statute of limitations.

The assignments of error specified the action of the court in entering a compulsory nonsuit and refusing to take it off.

*W. S. Sykes* and *Orlando Harvey,* for plaintiff in error.— Prior to the adoption of the Constitution of 1873, that the plaintiff would have had no right of action for the consequential damages resulting from the change of a street grade, in the absence of legislative enactment, is well settled by O'Connor v. Pittsburgh, 18 Pa. 187, and *Re* Ridge Street, 29 Pa. 395, and numerous other cases.

After the Constitution went into effect, by virtue of § 8 of article 16 thereof, he was entitled to be compensated whether the legislature had provided a remedy or not; and the defendant, having committed the injury without paying or securing the payment of the damages, was a continuing trespasser, against

whom the plaintiff probably could have maintained his action of trespass.

However, the legislature, by act of May 24, 1878 (P. L. p. 129), afterwards prescribed a special remedy for the owners of property who had suffered damages in the past, or who might suffer in the future, by reason of the change of grades of streets, or the altering or enlarging of the same, by the authorities of any borough within the commonwealth.

The act is retrospective as well as prospective, its language being "have or may hereafter change the grade," etc., and prescribes no limitation of time as to the commencement of the proceedings provided for therein.

Plaintiff's claim is not barred by the statute. When an act is not legally injurious until certain consequences occur, in other words, if the cause of action is not the doing of the thing, but the resulting of damage only, the period of limitation is to be computed from the time when the party sustains the injury. Whitehouse v. Fellowes, 10 C. B. N. S. 765; Roberts v. Read, 16 East, 215; Gillon v. Boddington, 1 Car. & P. 541; Bank of Hartford County v. Waterman, 26 Conn. 324.

It is immaterial whether the right of action accrued when the paper grade was established in 1873 or not, because the borough rendered itself liable in 1876, if not by doing the actual work of grading at that time, then by the alteration it made in its grade. The language of the act of May 24, 1878, is, "change the grade or lines of any street or alley, or in any way alter or enlarge the same."

We are sustained in our view of the meaning of the act of 1878 by Judge MYERS, of Northampton county, who in the case of Fegley v. Easton, reported in the Lehigh Valley Law Reporter, of April 10, 1885, and also in 2 Del. Co. Rep. 340, holds that the act is retrospective.

The remedy given by the act of 1878 is special, and without limitation as to time. Hannum v. West Chester, 63 Pa. 475; Delaware, L. & W. R. Co. v. Burson, 61 Pa. 369; McClinton v. Pittsburg, Ft. W. & C. R. Co. 66 Pa. 404.

*George B. Lindsay,* for defendant in error.—If the injury in the present case were inflicted before the adoption of the Constitution of 1874, the plaintiff at that time had no remedy. New Brighton v. United Presby. Church, 96 Pa. 331.

If plaintiff's cause of action arose in 1876, when the work of grading was done, he then had a remedy under such form of personal action as was in use at the time of the passage of the act of 1713; and the statute applies.

It has been held that the word "suit" used by the Constitution in avoiding certain statutes of limitation means any kind of action in a court of justice, whether commenced by writ, bill, or petition, or by information or indictment. *Re* Grape Street, 103 Pa. 121.

The case of Fegley v. Easton, 2 Del. Co. Rep. 340, cited by the plaintiff in support of his view, is a common pleas opinion on an application to quash proceedings similar to this and is not a definitive decree. It has not been thought worth while to make citations from cases in the lower courts in which the act of 1878 has been construed, as they are of great number and variety and are likely to come into the supreme court themselves for review. The same court, however, which decided the case of Fegley v. Easton has also decided since that case, by a new president judge, that the statute of limitations does apply in actions under the act of 1878. Beck v. Bethlehem, 2 Lehigh Valley Law Rep. 325.

The right of action accrues when the land is actually taken. Easton v. Walter, 2 Sad. Rep. 91; Freemansburg v. Rogers, Sup. Ct. Dig. 103; Easton v. Rinek, 116 Pa. 1, 9 Atl. 63; *Re* Widening of Chestnut Street, 20 W. N. C. 77.

It was not the intention of the act of 1878 to give a remedy for damages sustained prior to the Constitution of 1874. Folkenson v. Easton, 116 Pa. 523, 8 Atl. 869.

PER CURIAM:

The court below properly ruled that the statute of limitations was a bar to the plaintiff's claim.

Judgment affirmed.